IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MANUEL DAVID GORDON,

    **Plaintiff,**

    v.

FRANK J. BISIGNANO, Commissioner of Social Security,

    **Defendant.**

Case No. 2:24-cv-02526-HLT

## MEMORANDUM AND ORDER

Plaintiff worked for Target as a storeroom clerk for seventeen years in Pennsylvania. He then moved to Kansas City in 2017, but Target wasn't hiring. Plaintiff took a temporary position for six weeks with an animal warehouse. But he voluntarily left that position because he did not like the working conditions, which triggered his asthma and caused issues with his stomach ulcers. Plaintiff's girlfriend was and is on disability, and Plaintiff began applying to receive disability, as well. This is now his third attempt to receive benefits. He claims to have developed disabling physical and mental health conditions since he worked for Target.

Plaintiff appeals the final decision of the Commissioner of Social Security denying his application for disability insurance benefits and supplemental security income. Plaintiff asserts one overarching challenge to the Administrative Law Judge's (ALJ) decision finding him not disabled. He claims that the ALJ erred in his residual functional capacity (RFC) finding by failing to account for Plaintiff's severe mental impairments. As part of this challenge, Plaintiff claims the ALJ erred when she discredited medical opinions supporting his asserted mental limitations. And he claims that error tainted her analysis of his subjective complaints. Plaintiff's alleged errors do not compel remand. The Court affirms the ALJ's decision.

I.      **BACKGROUND**

Plaintiff alleges disability since March 4, 2021. He applied for disability insurance benefits and supplemental security income in April and July 2021. The ALJ conducted a hearing on Plaintiff's claims in April 2024 and found Plaintiff not disabled that same month. Plaintiff appeals.

The ALJ found that Plaintiff has several severe impairments: Plaintiff's history of left femur fracture with open reduction and internal fixation, degenerative joint disease, asthma, hernias, obesity, major depressive disorder, and generalized anxiety disorder. The ALJ concluded that Plaintiff had the RFC for a range of light work that involved only simple tasks of three to four steps, with occasional interaction with the public.[1]

The ALJ considered the entire record in determining Plaintiff's RFC and summarized parts of that record in explaining her RFC determination. The ALJ specifically discussed and evaluated the opinions of Mark Basham, M.D.; John Marra, LPC; and Stephanie Jones, Psy.D.; the prior administrative findings of Susan Posey, Psy.D., a state agency psychologist; and Plaintiff's subjective complaints. The ALJ also considered Plaintiff's ability to perform certain activities of daily living. She articulated how persuasive she found the opinions and prior administrative findings, specifically discussing their supportability and consistency.

The ALJ concluded that Plaintiff could not perform his past relevant work. But she also determined based on Plaintiff's age, education, work experience, and RFC that Plaintiff could make a successful adjustment to other work existing in significant numbers in the national economy. The ALJ thus concluded that Plaintiff was not disabled within the meaning of the Social Security Act (Act).

---

[1] The RFC has many physical limitations. But they are not at issue in this appeal.

**II.     STANDARD**

Judicial review of the ALJ's findings is limited. *Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014). A court reviews the ALJ's factual findings to ensure they are supported by substantial evidence. *Id.* The ALJ's factual findings are conclusive under 42 U.S.C. §§ 405(g) and 1383(c)(3) so long as they have substantial evidentiary support. *Id.* This standard is less demanding and more deferential than "preponderance of the evidence" or even "clear error." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007); *see Dickinson v. Zurko*, 527 U.S. 150, 152-53 (1999) (describing that the "clearly erroneous" standard is "somewhat stricter" and allows "somewhat closer judicial review" than the substantial evidence standard). Only more than a "scintilla" of evidence is required to support the finding. *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019). A court does not reweigh evidence or substitute its own judgment for the ALJ's. *Lax*, 489 F.3d at 1084. A court also reviews the ALJ's decision to make sure the correct legal principles were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008).

A claimant must be disabled to qualify for benefits under the Act. 42 U.S.C. §§ 423(a), 1382(a). A person is disabled under the Act if she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." *Id.* § 423(d)(1)(A).

This determination is fact-intensive and depends on the outcome of a five-step sequential analysis:

(1) The claimant must demonstrate that she is not engaged in substantial gainful activity.

(2) The claimant must show that she has one or more severe medically determinable impairments (i.e., that the claimant's impairments substantially limit her ability to perform basic work activities).

  (3) The ALJ considers whether any of the impairments identified in step two meet or equal one or more of the impairments cataloged in a designated list. If the claimant's impairments do, then the claimant is presumed disabled. If they don't, the ALJ will proceed to step four. But before doing so, the ALJ must determine what is referred to as the claimant's "RFC." The RFC describes the claimant's ability to work taking all of the claimant's limitations (whether severe or not) into consideration.

  (4) The claimant must show that the limitations in her RFC prevent her from performing her past work.

  (5) Provided that the claimant has shown (4), the burden shifts to the Commissioner to show that the claimant has sufficient RFC to perform work in the national economy, given her age, education, and experience.

See 20 C.F.R. §§ 414.1520(a)(4), 404.1545, 416.920(a)(4), 416.945(a)(1); *Lax*, 489 F.3d at 1084.

## III.  ANALYSIS

Plaintiff frames the issue here as singular: whether the ALJ erred by failing to fully account in the RFC finding for Plaintiff's severe mental impairments. Doc. 9 at 1. In his reply brief, he clarifies that his specific assignments of error are:

> the ALJ's "analysis" of the medical opinions before her (1) are actually mere conclusory statements that do not include actual analysis; (2) to the extent that her independent summary of the evidence can be construed as analysis, it fails to acknowledge or discuss the well-known fact that mental impairments wax and wane, usually producing a record of mixed benign and abnormal findings; and (3) relatedly, that a claimant's ability to sporadically perform daily activities does not support an ALJ's denial.

Doc. 16 at 1-2. Plaintiff argues Defendant did not directly respond to these arguments and therefore waived his opposition. *Id.* at 2.

Plaintiff did make these points in his opening brief, but not in an organized fashion such that they could readily be identified as his "actual assignments of error." *Id.* at 1. Nevertheless, the Court addresses all three arguments with an eye to resolving the ultimate issue of whether substantial evidence supports the ALJ's RFC finding for Plaintiff's severe mental impairments. It does. The ALJ also applied the correct legal principles in making her RFC finding.

4

The ALJ discussed multiple medical opinions, prior administrative medical findings, and Plaintiff's subjective complaints when developing the RFC. The ALJ's evaluation was reasonable and consistent with the regulations and governing law. She found the mental opinions of Dr. Basham not persuasive because they were unsupported by treatment notes and inconsistent with the record as a whole. She likewise found the opinions of Mr. Marra not persuasive for the same reasons. She found the opinion of consultative psychological examiner Dr. Jones largely persuasive and explained why she decided Plaintiff could perform simple tasks of three to four steps instead of one to two-step instructions as opined by Dr. Jones. The ALJ also explained those parts of the prior administrative findings of the state agency that she found persuasive and unpersuasive and why. Finally, the ALJ evaluated Plaintiff's subjective complaints in light of treatment records, medication effectiveness, and his activities of daily living. The ALJ found that Plaintiff's daily activities are inconsistent with a claim of disability.

All these findings are supported by substantial evidence in the record. That said, the Court will briefly address Plaintiff's three specific claims of error as outlined in his reply brief.[2] The Court does <u>not</u> find that Defendant effectively conceded these points. Defendant did not specifically rebut the caselaw Plaintiff cited in his opening brief in support. But Defendant addressed at length whether the ALJ's analysis of the medical opinions was adequate and noted that the ALJ is not required to discuss every piece of evidence. *See Wall v. Astrue*, 561 F.3d 1048, 1067 (10th Cir. 2009). Defendant also addressed why consideration of Plaintiff's daily activities was proper. *See Zhu v. Comm'r, SSA*, 2021 WL 2794544, at *6 (10th Cir. 2021). The Court turns to Plaintiff's arguments on their merits.

---

[2] As the Court noted above, it is less than clear from Plaintiff's opening brief what he intended to be his <u>actual</u> assignments of error.

First, the ALJ did not merely make conclusory statements about the medical opinions; instead, she engaged in lengthy analysis about different aspects of the opinions and how and why they were supported (or not) by the treatment notes and consistent (or not) with the record as a whole. Plaintiff's claim to the contrary undersells the ALJ's analysis.

Second, Plaintiff is correct that the ALJ did not note the "well-known fact" that mental impairments wax and wane. But she also did not rely solely on Plaintiff's many normal objective mental findings in making her RFC determination. Instead, the ALJ cited the many normal objective mental findings in conjunction with Plaintiff's improvement with medication and therapy and Plaintiff's ability to engage in daily tasks. All three of these considerations led the ALJ to find some of the medical opinions unpersuasive, and she explained why.

Third, the ALJ did not give undue credit to Plaintiff's ability to engage in activities of daily living. Plaintiff is correct that the "sporadic" performance of basic daily tasks is not conclusive of one's ability to maintain substantial gainful activity. But the ALJ is permitted to consider a claimant's ability to perform these activities in determining how consistent the claimant's subjective symptom complaints are. *See Wilson v. Astrue*, 602 F.3d 1136, 1146 (10th Cir. 2010).[3] Here, she permissibly used Plaintiff's activities as a factor to determine whether Plaintiff's subjective complaints and asserted limitations are consistent with the medical and other evidence in the record.

---

[3] The Court notes that the "agency no longer uses the term 'credibility' to describe the ALJ's analysis of subjective symptoms." *Rusty F. v. Kijakazi*, 2022 WL 10365886, at *8 n.6 (N.D. Okla. 2022) (citations omitted). The standard of review for the "consistency" analysis "is the same as when the agency used the term 'credibility.'" *Id.*

IV.     **CONCLUSION**

This Court's review of the ALJ's decision is limited. The Court affirms the ALJ's decision if the ALJ used the correct legal standards and the ALJ's factual findings are supported by substantial evidence. Both thresholds are easily met here. The Court finds no error and affirms the decision of the ALJ (which is effectively the final decision of the Commissioner).

THE COURT THEREFORE AFFIRMS the Commissioner's final decision.

IT IS SO ORDERED.

Dated: October 23, 2025                     /s/ *Holly L. Teeter*
                                                           HOLLY L. TEETER
                                                           UNITED STATES DISTRICT JUDGE